LUM, DRASCO, POSITAN LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068-1049
Telephone: (973) 403-9000
Facsimile: (973) 403-9021

Attorneys for Defendant, NETFLIX, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REFINED RECOMMENDATION CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.,<br><br>Defendant. | Civil Action No. 07-CV-04981-DMC-MF<br><br>Honorable Judge Dennis M. Cavanaugh<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT NETFLIX, INC.** |

Defendant, Netflix, Inc. ("Netflix"), with a principal place of business at 100 Winchester Circle, Los Gatos, California 95032, by and through its undersigned counsel, hereby answers the Complaint for Patent Infringement ("Complaint") of plaintiff, Refined Recommendation Corporation ("Refined"), and counterclaims against Refined, as follows:

**THE PARTIES**

1.  Netflix admits that Refined avers it has its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660. Netflix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in paragraph 1 of the Complaint and therefore denies them.

2. Netflix admits that it is a Delaware corporation having its headquarters and principal place of business at 100 Winchester Circle, Los Gatos, California, 95032.

## JURISDICTION AND VENUE

3. Netflix admits that Refined purports to state a claim for an action arising under the patent laws of the United States of America, Title 35 of the United States Code. Netflix admits that this Court has subject matter jurisdiction over claims for patent infringement pursuant to 28 U.S.C. § 1338(a). Netflix denies every remaining averment contained in paragraph 3 of the Complaint.

4. Netflix admits that it has users in New Jersey. Netflix does not contest personal jurisdiction in this matter. Netflix denies the remaining averments contained in paragraph 4 of the Complaint.

5. Netflix denies the averments contained in paragraph 5 of the Complaint.

## CLAIM FOR PATENT INFRINGEMENT

6. Netflix repeats and incorporates its response to the averments in paragraph 6 of the Complaint as set forth in paragraphs 1 through 5 above.

7. Netflix admits that United States Patent No. 6,606,102, (the "'102 Patent") on its face, bears an issue date of August 12, 2003, is titled "Optimizing Interest Potential," and lists Gary Odom as the inventor. Netflix admits that a copy of the '102 patent was attached to the Complaint as Exhibit 1. Netflix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in paragraph 7 of the Complaint and therefore denies them.

8. Netflix lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 8 of the Complaint and therefore denies them.

## COUNT ONE

9. Netflix repeats and incorporates its response to the averments in paragraph 9 of the Complaint as set forth in paragraphs 1 through 8 above.

10. Netflix denies the averments contained in paragraph 10 of the Complaint.

11. Netflix denies the averments contained in paragraph 11 of the Complaint.

## REQUESTED RELIEF BY PLAINTIFF

12. Netflix denies that Refined is entitled to the relief requested or to any relief whatsoever. Netflix denies any averment not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint not otherwise admitted, for its defenses to the Complaint, Netflix avers as follows:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

13. The Complaint, and each and every purported claim for relief thereof, fails to state a claim for relief against Netflix.

### SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

14. Netflix has not infringed, and currently does not infringe, directly, indirectly, or in any other way, and is not liable for any infringement of, any claim the '102 patent.

### THIRD AFFIRMATIVE DEFENSE
### (INVALIDITY)

15. The '102 patent is invalid for failure to satisfy one or more of the conditions for patentability under Title 35, 35 U.S.C. §§ 100, *et seq.*, or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
## (LACHES)

16. Refined's claims are barred under the doctrines of laches.

## FIFTH AFFIRMATIVE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

17. Refined is barred from obtaining all, or part, of the relief it seeks under the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE
## (COSTS BARRED IN ACTION FOR INFRINGEMENT
## OF A PATENT CONTAINING AN INVALID CLAIM)

18. Pursuant to 35 U.S.C. § 288, Refined is barred from recovering any costs.

## SEVENTH AFFIRMATIVE DEFENSE
## (LIMITATION ON DAMAGES)

19. Refined's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Refined's failure to plead notice thereunder.

## ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

20. Netflix reserves any and all additional affirmative defenses available to it under Title 35, U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIMS

For its counterclaims against Refined, Netflix avers as follows:

## NATURE OF COUNTERCLAIM

1. Netflix counterclaims against Refined under Federal Rule of Civil Procedure 13 for a declaration of non-infringement and invalidity of the '102 patent.

## PARTIES

2.  Based on the allegations in the Complaint, Refined is a Delaware corporation with its place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

3.  Netflix is a Delaware corporation having its headquarters and principal place of business at 100 Winchester Circle, Los Gatos, California, 95032.

## JURISDICTION

4.  The counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. This Court also has jurisdiction over the counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure.

5.  By virtue of initiating suit for patent infringement in this Court, Refined has consented to personal jurisdiction.

6.  By virtue of the allegations contained in Refined's Complaint, filed October 16, 2007 in this Court, and Netflix' answer thereto, an actual, substantial, and immediate controversy exists between Refined and Netflix as to whether Netflix is liable for any infringement of a valid, enforceable claim of the '102 patent.

## VENUE

7.  Refined alleges venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 and, if so, is proper for these counterclaims.

## CONTROVERSY

8.  Based on the allegations in the Complaint, Refined purports to own the '102 Patent.

9.  Based on the allegations in the Complaint, Refined claims Netflix is liable to it for infringement of the '102 Patent.

10.   Netflix is not liable for any infringement of a valid, enforceable claim of the '102 Patent.

## FIRST COUNTERCLAIM
### (DECLARATION OF NON-INFRINGEMENT OF THE '102 PATENT)

11.   Netflix re-alleges and incorporates by reference Paragraphs 1 through 10 of the Counterclaims, above.

12.   Netflix has not infringed, does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '102 Patent under 35 U.S.C. § 271, or in any other manner.

13.   Netflix seeks, and is entitled to, a declaration from this Court that it has not infringed, does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '102 Patent under 35 U.S.C. § 271, or in any other manner.

## SECOND COUNTERCLAIM
### (DECLARATION OF INVALIDITY OF THE '102 PATENT)

14.   Netflix re-alleges and incorporates by reference Paragraphs 1 through 10 of the Counterclaims, above.

15.   The '102 patent is invalid for failure to meet one or more of the conditions for patentability specified in specified Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

16.   Netflix seeks, and is entitled to, a declaration from this Court that the '102 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Netflix prays for judgment with respect to Refined's Complaint and Netflix' Affirmative Defenses and Counterclaims as follows:

A. That Refined's Complaint be dismissed with prejudice and that the relief requested by Refined and any relief whatsoever be denied;

B. For entry of judgment that the claims of the '102 patent are not infringed by Netflix and that Netflix is not liable as an infringer;

C. For entry of judgment that the claims of the '102 patent are invalid and unenforceable;

D. That a permanent injunction prohibiting Refined, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from alleging or charging that the '102 patent has been infringed by Netflix or its users, under any section of 35 U.S.C. § 271;

E. That this Court find and declare that the claims of the '102 patent are not infringed by Netflix and that Netflix is not liable as an infringer;

F. That this Court find and declare that the claims of the '102 patent are invalid and unenforceable;

G. That the case be declared exceptional and Netflix be awarded its attorneys' fees; and

H. That Netflix have such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Netflix demands trial by jury on all issues so triable.

## LOCAL RULE 11.2 CERTIFICATION

The undersigned certifies and declares that the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

Dated: December 10, 2007

LUM, DRASCO & POSITAN LLC

By: _____
DENNIS J. DRASCO
A Member of the Firm

Co-Counsel *pro hac vice* application pending:

LYNN H. PASAHOW (CSB #054283)
VIRGINIA K. DEMARCHI (CSB #168633)
DARREN E. DONNELLY (CSB #194335)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

282888-1

8