1  JEAN-MARC ZIMMERMAN (*Pro Hac Vice*)
   jmzimmerman@zlk.com
2  ZIMMERMAN, LEVI & KORSINSKY, L.L.P.
3  226 St. Paul Street
   Westfield, NJ 07090
4  Tel: (908) 654-8000
   Fax: (908) 654-7207
5

6  TODD A. NOAH (SBN 152328)
   TNoah@DergNoah.com
7  DERGOSITS & NOAH LLP
   Four Embarcadero Center, Suite 1450
8  San Francisco, California 94111
   Telephone: (415) 705-6377
9  Facsimile: (415) 705-6383

10
   Attorneys for Plaintiff
11 REFINED RECOMMENDATION CORPORATION

12 LYNN H. PASAHOW (CSB NO. 054283)
   lpasahow@fenwick.com
13 VIRGINIA K. DEMARCHI (CSB NO. 168633)
   vdemarchi@fenwick.com
14 FENWICK & WEST LLP
   801 California Street
15 Mountain View, CA  94041
   Telephone: (650) 988-8500
16 Facsimile:  (650) 938-5200

17 Attorneys for Defendant
   NETFLIX, INC.
18

19             UNITED STATES DISTRICT COURT

20             NORTHERN DISTRICT OF CALIFORNIA

21                  SAN FRANCISCO DIVISION

22

| | |
|---|---|
| 23  REFINED RECOMMENDATION CORPORATION, | Case No. 3:08-CV-01081 (JSW) |
| 24              Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 25       v. | Date:  June 6, 2008 |
| 26  NETFLIX, INC., | Time:  1:30 p.m. Place: Courtroom 2, 17th Floor |
| 27              Defendant. | Judge: Honorable Jeffrey S. White |
| 28 | |

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:08-cv-01081 (JSW)

1  The parties to the above-captioned action submit this Joint Case Management Statement
2  and request the Court to adopt it as its Case Management Order in this case.
3  1.  Jurisdiction and Service:
4  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in
5  that this case arises under the Patent Laws of the United States, 35 U.S.C. §271 et seq.  No parties
6  remain to be served.
7  2.  Chronology of Facts and Principal Factual Issues in Dispute:
8  This is a patent infringement action brought by plaintiff Refined Recommendation
9  Corporation ("RRC" or "plaintiff") against defendant Netflix, Inc. ("Netflix" or "defendant") for
10  alleged infringement of U.S. Patent No. 6,606,102 ("the '102 patent") entitled Optimizing Interest
11  Potential.  The '102 patent is directed towards methods to accommodate user interests in content
12  available in information-rich software environments wherein by discerning and collating user
13  interest based upon patterns of search and selection of displayed descriptor-based content, user
14  profiles are surreptitiously obtained and based upon those encapsulated user profiles,
15  characteristics regarding content of interest to users may be discerned, and content display altered
16  to optimize individual user interest.  The patent was issued to the named inventor, Gary Odom, on
17  August 12, 2003.
18  RRC contends that Netflix's online movie rental subscription service available at
19  www.netflix.com ("the Website") provides personalized content recommendations to its
20  subscribers in a manner that directly infringes the '102 patent in violation of 35 U.S.C. §271, and
21  that defendant has also contributorily infringed and induced infringement of one or more claims
22  of the '102 patent.
23  Netflix contends that it does not infringe any valid or enforceable claim of the '102 patent,
24  either directly or indirectly, and that the claims of the '102 patent are invalid under 35 U.S.C.
25  §§ 101, 102, 103 and/or 112.
26  3.  Principal Legal Issues in Dispute:
27  The parties dispute at least the following legal issues:
28  a.  the proper construction of the claims of the '102 patent;

JOINT CASE MANAGEMENT STATEMENT        2
Case No. 3:08-cv-01081 (JSW)

    b.    whether the recommendations feature of Netflix's online movie rental subscription service infringes, directly or indirectly, any claim of the '102 patent;

    c.    whether the '102 patent is invalid for failure to satisfy one or more of the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and 112;

    d.    whether RRC's claims are barred under the doctrines of laches;

    e.    whether RRC is barred from obtaining all, or part, of the relief it seeks under the doctrine of prosecution history estoppel;

    f.    whether pursuant to 35 U.S.C. § 288, RRC is barred from recovering any costs; and

    g.    whether RRC's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or RRC's failure to plead notice thereunder.

4. <u>Motions</u>:

RRC anticipates filing a summary judgment motion on the issue of infringement. Netflix will oppose any such motion filed by RRC and/or will likely file its own motions for summary judgment of non-infringement and invalidity.

5. <u>Amendment of Pleadings</u>:

No amendments to the pleadings are contemplated at this time. The parties propose that the Court set August 1, 2008 as the deadline for amendment of pleadings.

6. <u>Evidence Preservation</u>:

Both parties believe that they have taken appropriate steps to preserve evidence, including that contained in email and other electronic documents, which may be relevant to the issues in the action.

7. <u>Disclosures</u>:

The parties conducted the conference required by Federal Rule of Civil Procedure 26(f) on May 19, 2008. The parties are due to make their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a) on June 2, 2008.

8. <u>Discovery</u>:

The parties do not believe any changes should be made in the form or requirement for

disclosures under Rule 26(a).  As indicated above, initial disclosures are due to be made on June 2, 2008.  The parties do not propose any changes be made to the limitations on discovery set by the Federal Rules of Civil Procedure or the Local Rules of this Court.  The parties propose separate deadlines be set for the completion of fact and expert discovery, as indicated below.  The parties anticipate seeking entry of a Stipulated Protective Order governing pretrial discovery.

    a.    <u>RRC</u>

RRC intends to pursue discovery directed to the operation of Netflix's personalized content recommendations feature on its Website.

    b.    <u>Netflix</u>

Netflix has served a first set of interrogatories and document requests on RRC.  Netflix expects to require discovery on at least the following subjects:  (1) conception and reduction to practice of the invention claimed in the '102 patent, (2) prosecution of the '102 patent, (3) products or services, other than Netflix's online movie rental service, that RRC contends practices any claim of the '102 patent, (4) licenses, or offers to license, the invention claimed in the '102 patent, (5) prior art to the '102 patent, (6) RRC's ownership of the '102 patent, (6) efforts to enforce the '102 patent, (7) the respective contributions of each actual or named inventor of the '102 patent, (8) the bases for RRC's claim for damages, and (9) the bases for RRC's claim of irreparable harm.

9. <u>Class Action</u>:

This action is not a class action.

10. <u>Related Cases</u>:

There are no related cases pending in this Court.

11. <u>Relief</u>:

RRC seeks damages for past infringement of the '102 patent in an amount to be determined at trial and a permanent injunction enjoining Netflix from continuing to offer its personalized content recommendations feature to its subscribers.  Finally, RRC seeks an award of its costs and expenses in this action, including reasonable attorneys' fees.

Netflix seeks an order dismissing RRC's Complaint with prejudice; an order declaring

that all of the claims of the '102 patent are invalid; an order finding that RRC is not entitled to damages for, or injunctive relief against, any alleged infringement by Netflix; and an order awarding Netflix its costs and expenses in this action, including reasonable attorneys' fees.

12. <u>Settlement and ADR</u>:

On May 8, 2008, the Court entered an Order Approving Stipulation and Proposed Order Selecting Early Neutral Evaluation of this case. On May 29, 2008, RRC forwarded a settlement proposal to Netflix and is awaiting a response to the same.

13. <u>Consent to Magistrate Judge for All Purposes</u>:

The parties do not consent to have a magistrate judge conduct all further proceedings including trial.

14. <u>Other References</u>:

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>:

At this time, the parties do not believe that any issues can be narrowed by agreement or by motion, or that it is feasible or desirable to bifurcate issues, claims or defenses for trial.

16. <u>Expedited Schedule</u>:

The parties' scheduling proposal is set forth in the next section.

17. <u>Scheduling</u>:

The parties jointly propose the following schedule based on the Federal Rules of Civil Procedure and Local Rules:

| Event | Proposed Schedule |
|---|---|
| Close of fact discovery | 90 days after claim construction order[1] |
| Last day to serve initial expert reports (issues for which a party bears the burden of proof) | 30 days after fact discovery cutoff |
| Last day to serve rebuttal expert reports | 30 days after initial expert reports |

---

[1] By operation of the Patent Local Rules, the case will be ready for a claim construction hearing by December 29, 2008.

| Event | Proposed Schedule |
|---|---|
| Last day to serve reply expert reports | 14 days after rebuttal expert reports |
| Close of expert discovery | 60 days after reply expert reports |
| Last day to file dispositive motions | 30 days after close of expert discovery |
| Final pretrial conference | 90 days after deadline to file dispositive motions |
| Trial | 7 days after pretrial conference |

18. <u>Trial</u>:

This case will be tried by a jury and the anticipated length of the trial is approximately 8-12 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

RRC filed its "Certification of Interested Entities or Persons" on May 30, 2008 and restates that Acacia Research Corporation is an interested non-party entity. Netflix filed its "Certification of Interested Entities or Persons" on May 29, 2008 and restates that aside from the named parties, there are no interested parties to report.

20. <u>Other Matters</u>:

The parties stipulate to proceed under the revised Patent Local Rules which became effective March 1, 2008.

Dated: May 30, 2008                    ZIMMERMAN, LEVI & KORSINSKY, L.L.P.


By:     */s/ Jean-Marc Zimmerman*
         Jean-Marc Zimmerman (*Pro Hac Vice*)
Attorneys for Plaintiff
REFINED RECOMMENDATION CORPORATION

Dated: May 30, 2008                    FENWICK & WEST LLP


By:     */s/ Lynn H. Pasahow*
         Lynn H. Pasahow
Attorneys for Defendant
NETFLIX, INC.

JOINT CASE MANAGEMENT STATEMENT                 6
Case No. 3:08-cv-01081 (JSW)

1     Pursuant to the above Joint Case Management Statement, IT IS SO ORDERED.

2

3   Dated:_____, 2008

4                                                 Honorable Jeffrey S. White

5                                                 United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Lynn H. Pasahow, attest that concurrence in the filing of this document has been obtained from Jean-Marc Zimmerman, counsel for plaintiff Refined Recommendation Corporation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of May, 2008 in Mountain View, California.

                                  */s/ Lynn H. Pasahow*
                                    Lynn H. Pasahow